**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRYL KEITH AGGERS, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> TYSON, Kern Valley State Prison, Captain; et al., <br><br> Defendants - Appellees. | No. 11-17138 <br><br> D.C. No. 1:07-cv-01701-AWI-JLT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted September 10, 2012[**]

Before:   WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Darryl Keith Aggers, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed the action without prejudice because Aggers conceded that he did not exhaust administrative remedies, and failed to provide sufficient evidence to show that administrative remedies were effectively unavailable to him.  *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) ("proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *see also Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (exhaustion is not required where administrative remedies are "effectively unavailable").

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

2